**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **SERGIO ALVARADO** | **§** | |
| **AND GLORIA ALVARADO,** | **§** | |
| **Plaintiffs,** | **§** | |
| | **§** | **CASE NO.** 1:16-cv-183 |
| **vs.** | **§** | |
| | **§** | |
| **STATE FARM LLOYDS,** | **§** | |
| **Defendant.** | **§** | |

# EXHIBIT 1

Plaintiffs' Pre-Suit Demand

RKL

# Law Office of R. Kent Livesay, PC

June 1, 2015

***Via Mail***

State Farm
P.O. Box 106169
Atlanta, GA 30348-3646

| | |
|---|---|
| Our Client: | Gloria & Sergio Alvarado |
| Policy No: | 83-NP-7172-0 |
| Claim No: | 53590 894 |
| Property: | 1617 E. Taylor St. Harlingen, TX 78550 |
| Date of loss: | May 28, 2014 |

**DEMAND FOR RELIEF UNDER THE TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT AND THE TEXAS INSURANCE CODE.**

Attn: **Claims**

This firm has been retained by **Gloria & Sergio Alvarado** to represent his/her in the handling and prosecution of his/her claims against **State Farm** under the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA) and under the Texas Insurance Code, section 541.

**Gloria & Sergio Alvarado** is a "consumer(s)" within the definition as set forth in the DTPA because he/she purchased a policy of insurance from **State Farm**. It was represented to our client that this policy of insurance was in full force and effect for the policy period, and that any and all claims made by the insured would be handled in a manner consistent with the guidelines set forth in the Texas Insurance Code. In addition, my client is also a "person(s)" under the Texas Insurance Code with standing to bring claims under the Texas Insurance Code.

As you know, the insured has made a claim under the policy of insurance sold to his/her by **State Farm**. Your company has conducted an inadequate examination of the damage from the **May 28, 2014** hailstorm and the claims made by your insured. To date, the handling of the claims for windstorm/hailstorm and water damage, have resulted in significant problems for my client.

**DTPA**

The DTPA violations of **State Farm** include but not limited to:

1. Causing confusion or misunderstanding as to the course, sponsorship, approval, or certification of goods or services;

2. Representing that an agreement confers or involves rights, remedies, or obligations, which it does not have or involve, or which are prohibited by law;

3. Failure to disclose information concerning goods or services which was known at the time of transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

4. Misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

5. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurers' liability has become reasonably clear;

6. Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement under one portion of a policy of a claim with respect to which the insurers' liability has become reasonably clear in order to influence the claimant to settle an additional claim under another portion of the coverage, provided that this prohibition does not apply if payment under one portion of the coverage constitutes evidence of liability under another portion of the policy;

7. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

8. Failing with a reasonable time to affirm or deny coverage of a claim to a policyholder and/or submit a reservation of rights to a policyholder;

9. Refusing, failing, or unreasonably delaying an offer of settlement under applicable first party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;

10. Undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, provided that this prohibition does not apply to a compromise settlement of a doubtful or disputed claim;

11. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

12. Making an untrue statement of material fact;

13. Failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

14. Making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;

15. Making a material misstatement of law, or

16. Failing to disclose any matter required by law to be disclosed, including a failure to make disclosure in accordance with another provision of the Texas Insurance Code.

**State Farm's** actions are in violation of the DTPA and constitute producing causes of damage to my client.

Because of the nature of the claims and the circumstances surrounding the losses in question, **State Farm's** decision to deny the claims or to delay payment on the claims even though it is reasonably clear the claims are covered constitutes "knowing" violations of the DTPA and the Texas Insurance Code sufficient to allow the imposition of treble damages. Moreover, **State Farm's** "knowing" violations of the Texas Insurance Code and the DTPA have caused and continue to cause significant mental anguish to my client.

Furthermore, because of your **State Farm** violations of the DTPA and the Texas Insurance Code, our client is entitled to recover attorney's fees.

**Texas Insurance Code Violations***

**State Farm** and its representatives have violated the Texas Insurance Code in the following manner including, but are not limited to:

1. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

2. Making an untrue statement of material fact;

3. Failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

4. Making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;

5. Making a material misstatement of law, or

6. Failing to disclose any matter required by law to be disclosed, including a failure to make disclosure in accordance with another provision of the Texas Insurance Code.

***Breach of Duty of Good Faith and Fair Dealing: Bad Faith ***

In addition, **State Farm** violated the duty of good faith and fair dealing by refusing to pay the claims in question even though you and your company knew or should have known that it was reasonably clear the claims were covered. **State Farm's** breach of its duty of good faith and fair dealing has proximately caused injury and damage to my client.

***Breach of Contract ***
Moreover, by failing to pay benefits under the policy of insurance, **State Farm** breached the contract of insurance that existed between your company and our client. As a result, our client is entitled to recover actual damages, consequential damages and attorney's fees pursuant to §38.001 of the Texas Civil Practice & Remedies Code because of your breach of contract.

At this time, my client has to face the reality of not being able to live in her home while repair of the premises takes place in order to reduce or eliminate the very real dangers presented by the damages to the property. The potential costs of fixing the problems with the house are staggering, and that is why our client turned to you, their insurance representative and company, for assistance in this time of dire need. However, instead of help or adequate assistance, my client has suffered significant and real harm because of your misguided decisions.

As a result, please allow this correspondence to constitute notice under the Texas Deceptive Trade Practices Act and under the Texas Insurance Code of the claim, against you and your representatives. Please allow this correspondence to serve as notice pursuant to Chapter 38.001 of the Texas Civil Practice & Remedies Code.

The damages suffered by our client to date include:

**<u>Economic Damages</u>**

**Total All Economic damages:**
**$29, 671.26**

Mental Anguish
**$1, 483.56**
Attorney's Fees
**$9, 791.52**
Because of the nature of the claims and the circumstances surrounding the losses in question, **State Farm's** actions constitute "knowing" violations of the DTPA and the Texas Insurance Code sufficient to allow the imposition of treble damages up to 3 times economic damages. **Please let this letter serve as my client's demand for $40, 946.34**

Sincerely,
THE LAW OFFICES OF R. KENT LIVESAY, PC
R. K. L.

R. Kent Livesay
Attorney at Law

Attach.

APT:

cc: Client